IN THE SUPREME COURT OF THE STATE OF DELAWARE

REUEL RAY,                              §
                                        § No. 169, 2025
    Defendant Below,            §
    Appellant,                  § Court Below—Superior Court
                                        § of the State of Delaware
    v.                          §
                                        § Cr. ID No. 1210020570A (N)
STATE OF DELAWARE,                      §
                                        §
    Appellee.                   §

Submitted: May 28, 2025
Decided:   July 9, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Superior Court's order dated March 19, 2025. The Superior Court previously addressed the appellant's argument about credit time.[1] The appellant did not appeal from that ruling, nor has he shown in this appeal that he has not received credit for all time served. The appellant's argument that his sentence is in violation of 11 *Del. C.* § 4204(l) is without merit. As the Superior

---

[1] *See State v. Ray*, Crim. ID No. 1210020570A, Docket Entry No. 225 (Del. Super. Ct. Feb. 19, 2025) (explaining that time served between June 27, 2012, and October 22, 2012, was credited to the violation of probation sentence in Crim. ID No. 1007023235); *see also id.* Docket Entry No. 230 (Del. Super. Ct. Mar. 11, 2025) (denying Motion for Credit for Time Previously Served filed Mar. 6, 2025).

Court concluded, Section 4204(l) required the court to include as part of the appellant's sentence at least six months at Level II, III, *or* IV.[2]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[2] *See* 11 *Del. C.* § 4204(l) ("Except when the court imposes a life sentence or sentence of death, whenever a court imposes a period of incarceration at Level V custody for 1 or more offenses that totals 1 year or more, then that court must include as part of its sentence a period of custodial supervision at either Level IV, III or II for a period of not less than 6 months to facilitate the transition of the individual back into society. The 6-month transition period required by this subsection may, at the discretion of the court, be in addition to the maximum sentence of imprisonment established by the statute.").